## Marnell *v.* Kane, Appellant.

Argued May 21, 1951. Before Drew, C. J., Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

174

*John A. Harter,* for appellants.

*Louis Cohen,* for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, June 27, 1951:

Anna Marnell, who was suspended as school nurse by the Board of School Directors of the School District of the Township of Mt. Carmel, brought this action in mandamus to compel the Board to restore her to that position. The learned court below entered judgment ordering her reinstatement and the School District has appealed.

Plaintiff was first employed by defendants as a temporary employe in 1943 and became a full time school nurse in July, 1945, serving in that capacity until her suspension on July 31, 1950. In their notice to plaintiff, defendants stated that there had been a substantial decrease in enrollment making necessary and proper her suspension. As authority for this action defendants relied on §1124 of the Public School Code[1] which allows the suspension of a professional employe where there is a "substantial decrease in pupil enrollment in the school district".

In our view, whether or not there was a substantial decrease in enrollment is immaterial. There is a much more compelling reason why the suspension cannot be allowed to stand. Section 1429 of the Public School Code provides: "Any board of school directors, or boards of school directors jointly, shall employ one or more school nurses, and shall define their duties." This section clearly makes it mandatory that a school nurse be employed. Defendant argues that it is not necessary to have a full time nurse but that it is sufficient if a nurse is available to assist medical and dental exam-

---

[1] Act of March 10, 1949, P. L. 30.

iners as required by §1405 of the Public School Code. We do not so read the Code. Merely because §1405 is the only section placing a specific duty on the nurse it cannot be said that that is her sole duty. The legislature has shown great concern over the health and welfare of our school children. In fact a whole chapter of the Public School Code is devoted to health measures. Obviously a person with medical knowledge must be available at all times to see that these provisions are properly carried out and that person is defined in §1429 as a registered nurse. The record shows that plaintiff did a great deal more than just assist in medical and dental examinations. She kept charts and records on all pupils; she made appointments for them to have defects corrected and took them to and from the hospital or clinic for those appointments; she took care of any child who became ill at school and took them home if feasible or to the doctor if necessary; she also prepared reports which are required by the Board of Health. All of these are functions which can only be performed properly by a person of medical skill and certainly they are duties which the Legislature intended should be performed by a nurse in regular attendance when they enacted §1429 of the Public School Code of 1949.

Defendant points to the fact that the School District was in financial difficulties and that they had received suggestions from the Department of Public Instruction to the effect that they should adopt certain economy measures including the reduction of professional personnel. What that letter from the Department stated was that "The board is employing more *teaching personnel* than is required . . ." (Italics added). No serious argument can be made that they were effecting a proper economy measure by eliminating the only school nurse when at the same time, as testified to by the Secretary of the School Board, defendants kept eight teachers more than the School Dis-

trict quota required, including two new ones who were hired for the current year.

The suspension of plaintiff was in violation of the Public School Code and the court below properly ordered her reinstatement.

Judgment affirmed. Costs to be paid by defendants.